# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **PRINCIPAL LIFE INSURANCE CO.,** **Plaintiff,** v. **KASRA SADR, as Trustee of the Alton Larsen Family Insurance Trust; and GABRIEL GIORDANO,** **Defendants.** | **MEMORANDUM DECISION AND ORDER** **Case No. 2:11mc190** **Chief District Judge Ted Stewart** **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Principal Life Insurance Co.'s ("Principal") motion to compel production of documents.[2] This case is currently pending in the United States District Court for the Southern District of California, *Principal Life Insurance Co. v. Kasra Sadr, et al.*, No. 10-cv-0510 BTM.

Under rule 45 of the Federal Rules of Civil Procedure, Principal served Alton Larsen ("Mr. Larsen"), a nonparty in this matter, with two subpoenas issued out of this court, including a deposition subpoena duces tecum. *See* Fed. R. Civ. P. 45. Mr. Larsen failed to provide the

---

[1] *See* docket no. 3.

[2] *See* docket no. 1

requested information.  On February 18, 2011, Plaintiff filed the instant motion to compel.  To date, no response or opposition to the motion has been filed.

Upon review of Principal's submissions to this court, it appears that Principal has served the instant motion on defendants Kasra Sadr, as Trustee for the Alton Larsen Family Insurance Trust, and Gabriel Giordano.  However, there is no certificate of service demonstrating that Principal served it on Mr. Larsen.  While Principal asserts that its counsel "conferred extensively with Mr. Larsen concerning the subpoenas"[3] and "inform[ed] him that Principal would file a motion to compel the production of his documents if he did not produce them immediately,"[4] that is not sufficient for purposes of rule 37(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 37(a)(1) ("On *notice* to other parties and *all affected persons*, a party may move for an order compelling disclosure or discovery." (emphasis added)).

Because it does not appear that Mr. Larsen has been served with the instant motion, Principal's motion[5] is **DENIED** without prejudice.  Principal may refile its motion to compel.

---

[3] Docket no. 1.

[4] Docket no. 4 at ¶ 17.

[5] Docket no. 1.

The court will consider it on the merits after Mr. Larsen has been provided with notice and an opportunity to respond.

**IT IS SO ORDERED.**

DATED this 4th day of April, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge